UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:21-CV-00178-BJB-CHL

JOSEPH RENFROW-PIKE,                                                    **Plaintiff,**

**v.**

JAMES E. BRUCE,                                                         **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is a motion for leave to seal filed by Defendant James E. Bruce ("Defendant").  (DN 14.)  Also before the Court is a motion for leave to seal filed by Plaintiff Joseph Renfrow-Pike ("Plaintiff").  (DN 19.)  No responses have been filed and the time to do so has expired.  *See* L.R. 7.1(c).  Therefore, the motions are ripe for review.

## I.      BACKGROUND

Plaintiff's claims arise from a state court debt collection action filed against Plaintiff by Defendant, a debt collection attorney, on behalf of Plaintiff's lender, Mariner Finance, LLC ("Mariner").  (DN 1, at PageID # 2.)  On August 1, 2021, Plaintiff and Mariner entered into a settlement agreement the ("Settlement Agreement") to resolve the claims at issue in the collection action.  (DN 16-1.)  The Settlement Agreement includes a release of liability and a confidentiality provision.  (DN 16-1, at PageID # 201–03.)  Plaintiff brought this action against Defendant seeking damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  (DN 1, at PageID # 5.)  Plaintiff alleges that Defendant's conduct during the course of the collection action constitute violations of the FDCPA.  (*Id.* at 5.)  Upon learning of the Settlement Agreement, on September 3, 2021, Defendant contacted Plaintiff, taking the position that the Settlement Agreement's liability release applies to Plaintiff's FDCPA claims against Defendant.  (DN 16-2.)

Subsequently, on September 20, 2021, Plaintiff and Mariner executed an Addendum to the Settlement Agreement which clarifies that the liability release was not intended to apply to Plaintiff's FDCPA claims against Defendant.  (DN 20-1, at PageID # 243.)  On January 22, 2022, Defendant filed a Motion to Enforce Settlement Agreement and Motion for Attorney's Fees (the "Motion to Enforce").  (DN 15.)   In the motion, Defendant argues that he is a third-party beneficiary of the Settlement Agreement's liability release, and as a result, Plaintiff's claims have been waived.  (*Id.* at PageID # 173–77.)  Plaintiff filed a response opposing the motion, (DN 18), to which Defendant filed a reply.  (DN 22.)  The Motion to Enforce remains pending.

Before filing the Motion to Enforce, Defendant filed his instant motion to seal in which he requests permission to file a redacted version of the Motion.  (DN 14, at PageID # 166.)  In support of his request, Defendant states that his proposed redactions conceal the terms of the Settlement Agreement and argues that sealing this information is justified due to its confidentiality provision.  (*Id.*)  Defendant then filed the redacted motion, (DN 15), and subsequently filed an unredacted version under seal.  (DN 16.)  Anticipating that he would rely on the Settlement Agreement and other confidential documents in his response to the Motion to Enforce, Plaintiff filed his instant motion to seal in which he requests permission to file his response under seal.  (DN 19, at PageID # 228.)  Plaintiff then filed its response under seal.  (DN 20.)  Defendant filed his reply in support of the Motion to Enforce with similar redactions to those he included in the initial motion, (DN 23), and he then filed an unredacted version of the reply under seal.  (DN 23.)

## II.    LEGAL STANDARD

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983).  The party seeking to seal the records bears the heavy burden of overcoming

the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored.  *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016).  "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access."  *Shane*, 825 F.3d at 308 (citation and internal quotation marks omitted). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' "  *Id.* at 305–06 (quoting *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).  Further, in ruling on a motion to seal, the Court is required to make "specific findings and legal conclusions 'which justify nondisclosure to the public.' "  *Rudd*, 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176).

## III.  DISCUSSION

Before addressing the merits of the Parties' motions to seal, the Court considers whether the motions should be resolved at this time given the procedural posture of this case.  The Court notes that Defendant has moved to stay the proceedings pending the Sixth Circuit's resolution of an appeal of a ruling in another case that was pending in this Court, *Zahra Bouye v. James E. Bruce, Jr.*, No. 3:20-cv-201-DJH-RSE (W.D. Ky. Dec. 14, 2021), *appeal docketed*, No. 21-6195 (6th Cir. Dec. 15, 2021).  (DN 17, at PageID # 211.)  *Bouye* involved FDCPA claims brought by

a plaintiff against the Defendant in this case.  (*Id.* at 212.)  In the Sixth Circuit, Defendant has filed a motion to dismiss for lack of Article III jurisdiction.  (*Id.*; DN 21, at PageID # 286.)  As grounds for that motion, Defendant argues this Court lacked jurisdiction over the plaintiff's claims "as a result of Ms. Bouye's execution of a virtually identical settlement agreement to the one executed by [Plaintiff]."  (DN 17, at PageID # 212.)  In support of his motion to stay, Defendant asserts that the "issues presented or that will be presented to the Sixth Circuit [in *Bouye*] are likely identical to the issues that are or will be presented to this Court."  (*Id.*)  Plaintiff opposes the motion to stay, (DN 21), which remains pending.  The Court further notes that in *Bouye*, the plaintiff and Defendant have filed motions for the Sixth Circuit to grant leave to file a settlement agreement under seal, which are nearly identical to the Parties' instant motions to seal.  Motion of Appellee Cross-Appellant, No. 21-6195 (6th Cir. Jan. 28, 2022), ECF No. 17; Motion of Appellant Cross-Appellee, No. 21-6195 (6th Cir. Feb. 7, 2022), ECF No. 20.  These motions remain pending before the Sixth Circuit.

Notwithstanding the foregoing, the Court concludes that the instant motions to seal are ripe for its review.  First, while Defendant's pending motion to stay seeks a broad stay of "this action," the motion does not specifically address why a ruling on the motions to seal should be postponed in light of the *Bouye* appeal.[1]  Second, even if the Sixth Circuit's disposition of *Bouye* operates to preclude the Court's jurisdiction over the claims Plaintiff has asserted in this case—which is a disputed issue—the Court's authority over the instant motions to seal would be unaffected.  As the Supreme Court stated, "every court has supervisory power over its own records and files."  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  *See Brown*, 710 F.2d at 1177 (discussing the "discretion of the trial court in this area").  "The court's supervisory power does

---

[1] This Memorandum Opinion takes no position on the merits of the motion to stay, and nothing herein should be so construed.

not disappear because jurisdiction over the relevant controversy has been lost. The records and files are not in limbo. So long as they remain under the aegis of the court, they are superintended by the judges who have dominion over the court." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004). Finally, although Defendant's motion for leave to seal is pending before the Sixth Circuit in *Bouye*, the Sixth Circuit has not been asked to review a sealing order issued by the trial court, and absent such review, "the decision as to access is one best left to the sound discretion of the trial court." *Krause v. Rhodes*, 671 F.2d 212, 219 (6th Cir. 1982). *See Brown*, 710 F.2d at 1177. Accordingly, below the Court addresses the propriety of sealing the documents at issue in the Parties' motions to seal.

### a. Settlement Agreement and Addendum

Defendant requests that the Court seal the Settlement Agreement and any references to its terms contained in his Motion to Enforce. (DN 14, at PageID # 166.) In support of his request, Defendant asserts that "[f]ederal courts have previously recognized that Settlement Agreements containing a confidentiality provision are properly maintained under seal." (*Id.*) (citations omitted). Defendant further asserts that "allowing [him] to file the Settlement Agreement under seal will protect the interests of Mariner Finance and intended third-party beneficiaries who are a party to the confidential Settlement Agreement, but are not a party to this litigation." (*Id.*) (citation omitted). Plaintiff requests that the Court seal the Settlement Agreement as well as the September 3, 2021 Addendum filed with his response to the Motion to Enforce and any references to their terms contained in his response. (DN 19, PageID # 228.) In support of his request, Plaintiff summarily relies "[o]n the same grounds as those cited by Defendant . . . ."[2] (*Id.*) Accordingly,

---

[2] The Court notes the presumption that the public has the right to access judicial records does not vanish simply because, as here, all parties in the case agree that certain records should be sealed. *Rudd*, 834 F.3d at 595 (noting that although the defendant did not object to the plaintiff's motion to seal, his lack of objection did not waive the public's

the Court considers the arguments raised in Defendant's motion in deciding the merits of the Parties' respective requests.

As an initial matter, the Court notes that in his motion, Defendant fails to cite controlling precedent or reference the standard set forth by the Sixth Circuit for restricting public access to court records. Instead, in the only statement that can be construed as articulating a legal standard, Defendant "submits that good cause is shown for sealing the Settlement Agreement." (DN 14, at PageID # 167.) In *Shane*, the Sixth Circuit explicitly proscribed sealing court documents on the basis of mere "good cause shown." *Shane*, 825 F.3d at 306. Thus, in assessing Defendant's arguments, the Court will properly consider whether they establish *a compelling reason* for sealing, as defined by Sixth Circuit precedent.

The Court finds that neither the Settlement Agreement nor the Addendum contains information within the categories that the Sixth Circuit has recognized as sufficiently sensitive to overcome the public right of access because they contain no trade secrets, no information covered by privilege, and no information covered by a statute mandating confidentiality. *See Shane*, 825 F.3d at 308. The Court notes that the Sixth Circuit has ruled that communications made in furtherance of settlement may be protected from compelled disclosure in discovery. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979 (6th Cir. 2003). However, the protection afforded by *Goodyear* is actually "quite limited." *Westlake Vinyls, Inc. v. Goodrich Corp.*, 2007 U.S. Dist. LEXIS 47857, *10 (W.D. Ky. 2007). As this Court recognized, lower court opinions issued subsequent to *Goodyear* "frequently use a misnomer when referring to [the] *Goodyear* decision and tend to refer to it as creating a 'federal settlement privilege,' which implies a far more expansive ruling than the *Goodyear* panel announced." *Id.* at *10–11. In *Westlake*

---

First Amendment and common law right of access to court filings); *Shane*, 825 F.3d at 305 ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.").

*Vinyls*, the Court "clarif[ied] that it does not interpret *Goodyear*, or any other binding law as creating a 'settlement privilege' broader in scope than one *which shields from discovery* communications made, or documents created, for the specific purpose of furthering settlement negotiations." *Id.* at *13 (emphasis added).  Moreover, this Court has repeatedly found that "the settlement privilege does not extend to finalized settlement agreements." *Rogers v. Webstaurant Store, Inc.*, No. 4:18-CV-00074-JHM, 2018 WL 6728575, at *3 (W.D. Ky. Dec. 21, 2018) (citing *Westlake*, at *11).  *See NOCO Co. v. Shenzhen Dika Na'er E-commerce Co.*, No. 1:17 CV 02282, 2019 WL 9093481, at *2 (N.D. Ohio Aug. 27, 2019) (collecting cases in which courts in the Sixth Circuit found that confidential settlement agreements were discoverable).  Thus, the mere fact that the documents at issue disclose the terms of a settlement agreement does not suggest that there is a compelling reason to seal them.

Despite not being among three categories of information recognized by the Sixth Circuit as typically sensitive enough to justify sealing, Defendant suggests that confidential settlement agreements are categorically entitled to protection.  (DN 14, at PageID # 166.)  Defendant cites *Western Leasing, Inc. v. Western Mineral Dev.*, No. 4:18-cv-38-JHM, 2018 U.S. Dist. LEXIS 182918 (W.D. Ky. Oct. 25, 2018) and *Price v. Local 227 UFCW*, No. 5:14-cv-94-JMH, 2015 U.S. Dist. LEXIS 47223 (E.D. Ky. Apr. 10, 2015) as having "recognized that Settlement Agreements containing a confidentiality provision are properly maintained under seal." (*Id.*)  Defendant's statement mischaracterizes the scope of those decisions.  In *Western Leasing*, this Court summarily granted a motion to seal settlement agreements in an omnibus order on five separate motions.  2018 U.S. Dist. LEXIS 182918, at *13–14.  In its corresponding memorandum opinion, the Court did not address whether confidential settlement agreements should properly be sealed nor was there any discussion of sealing at all.  In *Price*, a case that was decided before the Sixth Circuit clarified

the standard for sealing in *Shane*, the court addressed a request that a particular settlement agreement be sealed in a single sentence: "Having carefully considered this request, the Court concludes that the exhibit should be filed under seal."  2015 U.S. Dist. LEXIS 47223, at *7. Neither case endorses the principle that Defendant asserts.  In reality, when it comes to sealing, a "confidentiality agreement . . . does not bind the court in any way." *Brown*, 710 F.2d at 1180.  *See Hargrove v. Jefferson Cty. Bd. of Educ.*, No. 3:16-CV-806-DJH-RSE, 2022 WL 188190, at *4 (W.D. Ky. Jan. 20, 2022); *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 253 F. Supp. 3d 997, 1006 (S.D. Ohio 2015) (finding that the confidentiality provision in a redemption agreement between a defendant and a third party "may have been sufficient to justify the protective order, [but] it is insufficient to justify filing documents on the court's docket under seal").

Next, Defendant cites *Clayton v. Tri City Acceptance, Inc.*, No. 3:18-cv-308-DJH-LLK, 2019 U.S. Dist. LEXIS 193517 (W.D. Ky. Nov. 7, 2019) as supporting his argument that sealing the Settlement Agreement is justified to protect Mariner's and other third party interests.  (DN 14, at PageID # 166.)  At issue in *Clayton* was a motion to compel production of a settlement agreement between the plaintiff and a third party and deposition testimony concerning the settlement agreement.  2019 U.S. Dist. LEXIS 193517, at *1–2.  The Court granted the motion to compel, and then it separately addressed the third party's interest in the settlement agreement's confidentiality provision:

> While Plaintiff [] has waived confidentiality by placing the contents of the settlement agreement into issue, the Court does have concerns regarding the rights of [the third party] regarding disclosure . . . While the Court does not have the exact language of the agreement, there is evidence indicating [third party] may waive any confidentiality rights. However, [it] must be given an opportunity to object to the production of the agreement.
>
> Further, unless the Court grants [the third party] a protective order and prevents the disclosure of the agreement, the agreement shall be

produced subject to this Court's Order that the agreement be produced only used only for purposes of this litigation and shall not be disclosed to anyone not associated with this litigation.

This Court has not addressed a similar circumstance directly, but other district courts have addressed facts wherein a third-party's rights were touched upon by waiver of a confidentiality agreement in adjacent or subsequent litigation. The general flavor of the case law shows that public access to court filings is presumed, but in cases involving similar agreements, these agreements should be produced under a protective order, for which good cause must be shown.

The Court finds that a similar outcome is warranted.

*Id.* at *11, 14–16 (internal citations omitted).

In sum, third party interests were discussed in the context of a protective order, and the Court did not address whether confidential settlement agreements may properly be sealed to protect third party interests. In fact, the only reference to sealing is in recognizing the distinction between issuing a protective order for discovery, "for which good cause must be shown," and sealing, for which "public access to court filings is presumed." *Id.* at *15. This analysis is consistent with the Sixth Circuit's clarification in *Shane*, that "there is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." 825 F.3d 299 at 305. The Sixth Circuit has addressed circumstances under which protecting sensitive business information or confidential information about third parties justifies sealing documents filed in the court record. For example, in *Brown*, the court found that documents containing information gathered by a regulatory agency during its investigation of five tobacco companies had been improperly sealed by the district court. 710 F.2d at 1180-81. The court acknowledged "the natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public." *Id.* at 1180. Nonetheless, the court found that protecting such information "cannot

be accommodated by courts without seriously undermining the tradition of an open judicial system." *Id.* The court therefore instructed that "a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *Id.* In *Shane*, the court found that documents filed in a class action suit alleging price-fixing by a health insurer were improperly sealed by the district court. 825 F.3d at 308. The court found that the insurer's concern about public access to "competitively-sensitive financial and negotiating information" contained in the documents was inadequate to justify sealing. *Id.* at 301–08. In doing so, the court emphasized that such information did not fall into the three categories of information that are typically sufficient to overcome the presumption of public access. *Id.* at 308. For example, the court found that the information at issue was "not entitled to protection as a legitimate trade secret." *Id.* The court also found that to the extent the information contained third party hospitals' financial and negotiating information, there was still no compelling reason to seal the exhibits because "there is no statutory or regulatory privilege that protects their information from disclosure, and the particulars of years-ago negotiations are unlikely to amount to a trade secret." *Id.* *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, 377 F. Supp. 3d 779, 787 (E.D. Mich. 2019) ("[T]he cases where the sealing of information has been upheld concerned clearly personal and impertinent details associated with third parties, such as personal identifying information of crime victims or financial records of a bank's customers."). As *Brown* and *Shane* make clear, business information and information about innocent third parties are not entitled to any special protection, and a party who wishes to seal such information bears the burden of "showing that 'disclosure will work a clearly defined and serious injury.'" *Id.* at 307 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

Finally, Defendant cites *Black Diamond Mining Co., LLC v. Richard Holmes Enters., LLC*, No. 15-cv-96-ART, 2016 U.S. Dist. LEXIS 110272 (E.D. Ky. Aug 18, 2016) as having "recognized that sealing a confidential settlement agreement involving a third-party can be justified for multiple reasons." (DN 14, at PageID # 167.)  Defendant quotes the following portion of that case in which the court addressed an argument by the movants, collectively referred to as "McKinstry"), that information related to a settlement agreement should be sealed.

> Generally speaking, that argument gives two compelling reasons to seal a document. First, as the Sixth Circuit has always recognized, the settlement process requires secrecy so that parties can horse trade freely. . . . Second, sealing is appropriate to protect the privacy of third-parties, like A&M, who are not involved in the litigation and who therefore would not expect to see their finances aired in public.

(*Id.* at 167) (quoting 2016 U.S. Dist. LEXIS 110272, at * 6–7).

Defendant unaccountably omits the court's analysis immediately following the quoted passage:

> The problem, however, is that McKinstry has not shown, "document by document," where in this record those reasons apply. *Shane*, 2016 U.S. App. LEXIS 10264, 2016 WL 3163073, at *3 (internal quotation marks omitted). Rather, McKinstry speaks of a general "need to protect confidential information." R. 107 at 10. That claim is too "perfunctory" to satisfy the heavy burden that McKinstry bears. *Shane*, 2016 U.S. App. LEXIS 10264, 2016 WL 3163073, at *4. Against the public's "strong interest" in knowing what goes on in court, McKinstry offers no compelling reason to keep any specific part of this record sealed. 2016 U.S. App. LEXIS 10264, [WL] at *3 (quoting *Brown & Williamson*, 710 F.2d at 1180).
>
> McKinstry responds in a number of ways, none of which make her argument more compelling. First, McKinstry argues that Shane— the latest Sixth Circuit opinion to extol the importance of an open court—is distinguishable. R. 107 at 10-11. Quite the opposite. There, the plaintiffs' "entire justification" for sealing certain documents was that those documents "include[d] quotations, information, and references" to materials "designated as confidential" by third parties. *Shane*, 2016 U.S. App. LEXIS 10264,

2016 WL 3163073, at *4. That is the same—and the entire—justification that McKinstry asserts here. And according to *Shane*, that justification can be "rejected out of hand." *Id.*; *see also Baxter*, 297 F.3d at 546. McKinstry nevertheless argues that this case is unlike *Shane* because, here, the sealed information is not "at issue," and thus the public has little interest in seeing it. R. 107 at 11. But *Shane* does not hold that the public is interested in any document "at issue." *Shane* holds that the public is interested in any document filed in court. 2016 U.S. App. LEXIS 10264, 2016 WL 3163073, at *4. That holding controls this case.

. . .

McKinstry says that "even if the Settlement amount remains sealed," unsealing other "Settlement-related" information "might still be a breach of the A&M Settlement." R. 107 at 8. And so, McKinstry argues, the existing patchwork of seals must remain intact to prevent any of that information from leaking out. But a "confidentiality agreement between the parties does not bind the [C]ourt in any way." *Brown & Williamson*, 710 F.2d at 1180. Agreement or no agreement, the Court must guard the public's rights "as in any other civil case." *Id.* Although McKinstry worries that the settlement-related information in the record might help someone "reverse engineer" the settlement amount, R. 107 at 5, the parties chose to live with that risk when they put such information in the record and discussed it in open court. The existence of a confidentiality agreement is not, by itself, a reason to keep this record sealed, just as it was not in *Shane*. *See* 2016 U.S. App. LEXIS 10264, 2016 WL 3163073, at *4.

*Black Diamond*, 2016 U.S. Dist. LEXIS 110272, at *7–9.

Here, Defendant's motion to seal is lacking in the same ways as the movant's in *Black Diamond*. Defendant references general considerations that support privacy interests in settlement agreements, citing mostly inapplicable cases to illustrate those considerations, and offers only a perfunctory argument that sealing is justified "[b]ecause the Settlement Agreement contains a confidentiality agreement."[3] (DN 14, at PageID # 166.) Other than mentioning the confidentiality

---

[3] As the court explained in *Black Diamond*:

Telling a group of rubberneckers that "there's nothing to see here" might convince them to move along. But telling a court something so vague will not convince the court to seal its records. Because the public has a right to view those records, a party must give a compelling reason why any specific part of the record should be kept under seal.

provision, Defendant offers no analysis of the contents of the Settlement Agreement, much less a line-by-line analysis, and provides no explanation of why public disclosure would result in serious injury.  The Court has independently reviewed the Settlement Agreement and the Addendum and finds no information so sensitive that disclosure would harm the Parties, Mariner, or any other third party.  The Parties have failed to meet their burden of showing a compelling reason for sealing, their requests to seal these documents and references thereto in their respective filings will be denied.

### b.  Representation Agreement Between Bruce and Mariner

In support of his response to the Motion to Enforce, Plaintiff offers the legal representation agreement between Mariner and Defendant.  (DN 18-2.)  Plaintiff requests that the agreement be sealed.  (DN 19, at PageID # 229.)  In support of his request, Plaintiff states that "[t]he representation agreement was produced pursuant to a subpoena issued to Mariner Finance and is designated 'Confidential.' "[4]  (*Id.* at 228.)  This single, perfunctory sentence is facially insufficient to meet the burden of justifying sealing the representation agreement.  *See* L.R. 5.6(c) ("Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal."); *Brown*, 710 F.2d 1165, 1180 (6th Cir. 1983).  The Court has independently reviewed the representation agreement and is unable to determine whether a compelling reason exists for sealing any portion thereof.  Based on the foregoing, the motion should be denied.  *See Sec. & Exch. Comm'n v. Abdallah*, No. 1:14 CV 1155, 2015 WL 12766492, at *2 (N.D. Ohio May 19, 2015) ("While it is

_____

2016 U.S. Dist. LEXIS 110272, at *1.

[4] In his reply to Plaintiff's response, Defendant moves to strike the representation agreement from the record on grounds unrelated to the issue of sealing.  (DN 22, at PageID # 298–300.)  This Memorandum Opinion takes no position on the merits of that motion, and nothing herein should be so construed.  However, the Court has reviewed Defendant's arguments in support of his motion to strike and finds no additional basis for sealing the representation agreement.

true that the Order cites language from [the client]'s retainer agreements, [the client] has not shown that the language is so atypical of language found in similar agreements so as to be proprietary, and that, therefore, publicly disclosing this information will create substantial harm."). Additionally, while the Court recognizes the minimal incentive for thorough briefing when, as here, the proponent of a document is not the proponent of its confidentiality, the Court notes that Defendant had an opportunity to respond to Plaintiff's motion and offer additional arguments in support of sealing the retainer agreement, and he did not do so. Moreover, Defendant subsequently quoted portions of the representation agreement in his reply in support of his Motion to Enforce, which he redacted from the reply before filing an unredacted version of the reply under seal, and he failed to file a motion seeking leave to seal the reply as required by Local Rule 5.6(c). The Parties were both on notice of the Sixth Circuit's strict standard for sealing documents filed in the record through the Court's October 7, 2021 order, which denied a previous motion to seal filed by Defendant. (*See* DN 13, at PageID # 163) ("Because there has been no showing that disclosure 'will work a clearly defined and serious injury' that is graver than the restriction to the public right of access to court records and that the proposed seal is narrowly tailored, Defendant's request to seal must be denied.") (quoting *Shane*, 825 F.3d at 307–08). Despite the Parties' failure to assume the applicable burden in their instant motions, considering Mariner's asserted third party privacy interest as well as the sensitive nature of the attorney-client relationship, the Court will afford the Parties an additional opportunity to articulate why the representation agreement should be sealed.

## IV.    ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1.  The Parties' motions for leave to seal (DN 14, DN 19) are **DENIED**.

2.  The Clerk of Court is directed to unseal DN 16, DN 16-1, DN 16-2, DN 20-1, and DN 20-3.

3.  DN 20, DN 20-2, and DN 23 shall remain provisionally under seal pending any renewed motion to seal the representation agreement between Defendant and Mariner and references thereto in the Parties' underlying briefs.  The Parties may file such a motion, either jointly or individually, no later than **May 27, 2022**.  No responses or replies are permitted.  Absent a timely and meritorious motion, these documents will be unsealed.

Colin H Lindsay, Magistrate Judge
United States District Court

May 18, 2022

cc:  Counsel of record